UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD MORA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-343 |
| | § | |
| JOSE CHAPA, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING WITHOUT PREJUDICE
### DEFENDANTS' MOTION TO STAY DISCOVERY

Pending is Defendants' Motion to Stay Discovery. (D.E. 46). The motion is **DENIED without prejudice** for the reasons set forth below.

Plaintiff Gerald Mora is a Texas inmate appearing *pro se* in this civil rights action. Plaintiff is a throat cancer survivor who alleges Texas Department of Criminal Justice (TDCJ) personnel refused to provide him with tracheal stoma cleaning supplies. He brings this action pursuant to 42 U.S.C. § 1983 and under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. The case has been assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for case management, ruling on non-dispositive motions and making recommendations to the District Judge on dispositive motions.

Defendants filed the instant motion to stay discovery because they have asserted the defense of qualified immunity. Qualified immunity is a defense to liability and immunity from suit. *Swint v. Chambers Co. Comm'n,* 514 U.S. 35, 42, (1995); *Mitchell*

*v. Forsyth*, 472 U.S. 511, 526 (1985).  Qualified immunity protects public officials from "broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson v. Creighton*, 483 U.S. 635, 639 n. 5 (1987) *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982).

However, "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *see also Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995).  Defendants' motion indicates Plaintiff served Defendants with Requests for Admission.  However, there is no reference to any other discovery or whether the Requests for Admission are overly broad or otherwise burdensome.  Further, this discovery or other limited discovery may be appropriate in deciding the issue of qualified immunity.  Based on the information presented in the Defendants' motion to stay, the undersigned finds that a complete stay of discovery is not appropriate at this time.

Therefore, Defendants' Motion to Stay Discovery (D.E. 46) is **DENIED without prejudice**.  Defendants may refile their motion to stay if they seek to present additional information in support of their motion or alternatively if they seek an order specifically limiting discovery to the issue of qualified immunity.

ORDERED this 10th day of June, 2016.

_____
Jason B. Libby
United States Magistrate Judge